MEMORANDUM *
The Nevada Supreme Court did not unreasonably apply clearly established federal law as determined by the Supreme Court in holding that the “implied malice” instruction provided to the jury was constitutional. See Zant v. Stephens, 462 U.S. 862, 881, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983); see also Ficklin v. Hatcher, 177 F.3d 1147, 1149-50 (9th Cir.1999). Nor did the Nevada Supreme Court’s determination that the prosecutor’s statements that Amati “lied” were harmless constitute an unreasonable application of Supreme Court precedent. See Darden v. Wainwright, 477 U.S. 168, 181-82, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Because there was no constitutional error at Amati’s trial, there likewise was no cumulative constitutional error. See 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).
We decline to grant a certificate of ap-pealability for Amati’s uncertified issues. See 9th Cir. R. 22-1(e); Gonzalez v. Duncan, 551 F.3d 875, 879 n. 6 (9th Cir.2008). Amati has not made a substantial showing of the denial of a constitutional right resulting from admission at trial of his statements made in the form of rap lyrics. See 28 U.S.C. § 2253(c)(2); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir.1999). We may not disturb the Nevada Supreme Court’s determination that Amati’s statements were relevant under Nevada law. See Estelle v. McGuire, 502 U.S. 62, 68 n. 2, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). In light of this determination, the Nevada Supreme Court’s holding that the admission of these relevant statements did not violate Amati’s First Amendment rights is not an unreasonable application of or contrary to Supreme Court precedent. See Wisconsin v. Mitchell, 508 U.S. 476, 489, 113 S.Ct. 2194, 124 L.Ed.2d 436 (1993). *794 “[T]he first amendment does not compel the exclusion of evidence simply because it consists of speech. If a defendant’s words or his silence are relevant to prove some issue in the case, they are admissible.” United States v. Barnett, 667 F.2d 835, 844 (9th Cir.1982).
The district court did not err in holding that Amati failed to exhaust a federal challenge to Jury Instruction No. 13, and Amati did not argue in district court that he should be excused from exhausting this claim because raising it in state court would have been futile. He has therefore waived his argument that he is excused from exhaustion. But even if we reached this argument, and even if futility could excuse Amati’s failure to exhaust, Amati has not established such futility. The Nevada Supreme Court held that Byford v. State, 116 Nev. 215, 994 P.2d 700 (2000), which ordered Nevada courts to cease using an instruction identical to Jury Instruction No. 13, applies to convictions that were “not yet final” at the time By ford was decided. Nika v. State, 198 P.3d 839, 850 (Nev.2008). The Nevada Supreme Court issued Byford on February 28, 2000. See 994 P.2d at 700. Amati’s judgment of conviction was entered on March 8, 2000. Amati has not pointed to any case, nor have we found any, establishing that his challenge to Jury Instruction No. 13 would be futile under such circumstances. Because Amati has failed to exhaust his claim in state court, we are precluded from addressing it here. See 28 U.S.C. §§ 2254(b)-(c).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.